IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

       Plaintiff,                        Case No. 1:18-cr-00338-MC

     v.

                                   OPINION AND ORDER

**KEISHON LEMAR COILTON,**

       Defendant.

_____

**MCSHANE, Judge**:

    Defendant Keishon Lemar Coilton moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). ECF No. 318. Because Defendant does not demonstrate extraordinary and compelling reasons justifying compassionate release, the Court DENIES his motion to reduce his sentence.

## <u>LEGAL STANDARD</u>

    Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    (iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1 – OPINION AND ORDER

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end-of-life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court must also consider whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

## DISCUSSION

Defendant argues the increased risk of serious illness or death from COVID-19 resulting from his "obesity, asthma, and history of smoking marijuana" present extraordinary and compelling reasons justifying compassionate release. Def.'s Mot. 9. The Court disagrees.

Defendant is 25 years old and serving a 60-month sentence for conspiracy to distribute and possession with intent to distribute heroin and methamphetamine, with a release date of October 26, 2022. Def.'s Mot. 3-4, 6, ECF No. 66. Defendant was sentenced on August 31, 2020 and is incarcerated at USP Atwater. As of March 9, 2021, there were 33 inmates with positive COVID-19 tests at Atwater. *Id.* at 4; *see generally COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus. Defendant tested positive for COVID-19 on December 21, 2020 and recovered shortly after. Def.'s Mot. 2. Prior to sentencing, Defendant violated the terms of his pretrial release, and, as a result, he was detained approximately 18 months before sentencing. ECF No. 89.

The Court took the COVID-19 pandemic into consideration during the August 2020 sentencing hearing and went outside a joint recommendation of 70 months, opting instead for a sentence of only 60 months. Tr. 19, ECF No. 316. Since sentencing, a number of COVID-19 vaccinations have been approved, which the BOP is actively administering to inmates "based on priority of need in accordance with CDC guidelines." *COVID-19 Coronavirus*. In light of these facts, along with Defendant's criminal history, the Court finds no extraordinary and compelling reason to justify compassionate release.

As Defendant does not demonstrate extraordinary and compelling reasons justifying compassionate release, the Court does not determine whether Defendant poses a danger to the community.

## **CONCLUSION**

Defendant's Motion to Reduce Sentence, ECF No. 318, is DENIED.

IT IS SO ORDERED.

DATED this 29th day of March, 2021.

          **/s Michael McShane**
Michael J. McShane
United States District Judge